■ In the Matter of NATIONAL SWIMMING POOL INSTITUTE et al., Appellants, v ALFRED E. KAHN et al., Constituting the Public Service Commission of the State of New York, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 27, 1975 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate an order issued by respondents, constituting the New York State Public Service Commission. By order adopted July 21, 1970, the Public Service Commission (hereinafter PSC) instituted Case No. 25766 "to determine whether and to what extent restrictions on the attachment of new gas customers should be imposed upon the gas corporations" of the State of New York. In continuing that proceeding, the PSC, by order of May 7, 1974, required all gas companies and other interested parties to show cause why new or additional gas services for heating outdoor swimming pools should not be prohibited. Thereafter, by order of August 21, 1974, a majority of the PSC prohibited new or additional natural gas service for swimming pool heating (except in instances where substantial investment in equipment requiring such service had been made prior to the order), finding that such usage of natural gas was nonessential and, therefore, wasteful in light of current natural gas availability.[1] We have previously held that the PSC's power under subdivision 2 of section 66 of the Public Service Law to "prohibit the use of natural gas in wasteful devices and practices" is not limited to industrial users. *(Matter of Leroy Fantasies v Swidler,* 44 AD2d 266.) In that case, we upheld an order of the PSC which also originated in Case No. 25766 directing Consolidated Edison Company of New York, Inc., to terminate the supply of natural gas to a restaurant unless the use of unmantled decorative gas

1. The dissenting members addressed their objections to the enforceability of the new rule, rather than to its legality or its wisdom as a means of gas conservation.

lamps was discontinued. In *Leroy Fantasies (supra)* the PSC was primarily concerned with the fact that such lamps, by employing mantles, could produce equivalent lighting with a marked decrease in gas consumption. The present petitioners contend that because the PSC has not made a finding that the use of gas heaters in swimming pools is inefficient, it has exceeded its jurisdiction by classifying a use as "wasteful" merely because, in the eyes of the PSC, it is "non-essential". We disagree. As we noted in *Leroy Fantasies*, "It would be impossible for the Legislature to enumerate the numerous situations which constitute wasteful devices and practices and to formulate specific rules for each situation" *(supra,* p 270), and, thus, the application of the term "wasteful" was a proper subject of delegation of power and appropriate for administrative interpretation. Nothing in the ruling of the PSC challenged in that case, or in the decision of this court, was intended to limit the definition of "wasteful" to a situation such as pertained there. On the contrary, the term "wasteful", which is defined in Webster's Third International Dictionary as "expending or tending to expend something valuable in [an] extravagant manner" is a relative term which may be given a broader application in times of comparative scarcity of natural gas. A more rigid definition, in our view, would frustrate the legislative intent and deprive the PSC's statutory authority of any meaning when that authority is most desperately needed. To require the PSC to observe an imaginary line between uses which are "non-essential" and those which are "wasteful" would require a legislative foresight of impossible dimensions and would result in vague and probably unenforceable distinctions. Thus, the determination of what constitutes a "wasteful" practice is best left to the PSC so long as that determination, in the light of known facts, is not arbitrary, unreasonable, or capricious. In the present case, use of gas for the "non-essential" purpose of swimming pool heating can properly be classified as "wasteful" where there is shortage of gas available for more essential uses, both domestic and industrial.[2] Petitioners' other contentions, most of which are essentially similar to points which were raised and rejected in *Leroy Fantasies,* have been examined and found to be without merit. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur. [80 Misc 2d 655.]

---

**2.** It is also worthy of note, by way of comparison, that *Leroy Fantasies* involved a potential prohibition by the PSC of gas for an existing use unless that use was made more efficient. Here, by contrast, *new* uses of gas for heating pools is prohibited, but existing owners of gas-heated pools are not being deprived of their supply. Thus, there is no need in the present case for the PSC to determine whether or not existing uses are efficient, and such a question is not before use for review as it was in *Leroy Fantasies.*